**In the Matter of KAM DAM MARINA, INC., Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**KAM DAM MARINA, INC. and Mark M. Ristau, Esq., Trustee, Defendants.**

Bankruptcy No. 80–00570.
Adv. No. 81–0393.

United States Bankruptcy Court,
W. D. Pennsylvania.

May 24, 1982.

J. Alan Johnson, U. S. Atty., Pittsburgh, Pa., for plaintiff, United States Forest Service.

Mark M. Ristau, Warren, Pa., trustee, pro se.

Joseph E. Altomare, Titusville, Pa., for debtor.

MEMORANDUM AND ORDER ON COMPLAINT FOR SURRENDER AND ABANDONMENT OF STRUCTURES AND IMPROVEMENTS

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The within debtor, Kam Dam Marina, Inc., occupied 73.12 acres of government

land at the confluence of Wolf Run with the Kinzua Dam in Warren County, Pennsylvania under a "Term Special Use Permit" of the United States of America Forest Service dated July 22, 1975 for the purpose of constructing and operating a marina and furnishing boating, recreational and related services. It took possession of the premises and made installations of metal buildings, piers and docks which it operated successfully with its boats, trucks and other equipment until the spring and summer of 1980 when it was no longer able to fulfill its obligations. Its arrearages of indebtedness to the United States under the terms of the permit amounted to about $3,500 December 23, 1980 when it filed the within aborted proceeding under Chapter 11 of the Bankruptcy Reform Act prior to which on September 17, 1980 its use permit was revoked and it was given ninety days in which to remove its assets from the premises.

The debtor filed a Petition for Injunctive Relief under which it sought to restrain the government from interfering with its possession of the marina and its installations and assets April 14, 1980 and a hearing was held thereon on short notice April 16, 1980. The testimony and closed circuit television reproductions showed the steel wharfs and installations of the debtor were damaged and dented to the extent most of them would have to be replaced and were in such a state of deterioration and disrepair that it would cost more to replace and rebuild them than to remove and relocate them in other situses. The Court denied the relief prayed for, dismissed the Chapter 11 Reorganization proceeding and adjudicated the debtor a bankrupt under Chapter 7 of the Bankruptcy Code as to none of which an appeal was taken. Mark M. Ristau, Esq., a prominent Warren attorney was appointed trustee of the debtor's estate who promptly scheduled a first meeting of creditors, but the debtor's officers failed to attend and be examined thereat and similarly failed to attend a second meeting of creditors subsequently scheduled by the trustee.

The matter is now before us on a Complaint filed by the United States Forest Service for surrender of the debtor's assets and for possession of the premises to which the debtor has filed a Motion to Dismiss and an elaborate brief contending its rights were the subject of an ambiguous and inequitable forfeiture attempt. The interest of the debtor in defending the proceeding has not been disclosed, except that the record in the case and the testimony at the earlier hearing disclose that its officers are also insider-creditors and officers of creditor corporations to whom most of its indebtedness is owed.

The assets involved consist of two metal sided storage buildings set in concrete, two rowboats, two other boats and three trucks all of ancient vintage together with the described damaged metal piers and docks. Although the debtor's officers testified at earlier hearings they expended exorbitant sums of money for these supplies, they failed to attend the meetings and to assist the trustee in evaluating their present worth which he estimates to be from five to fifteen thousand dollars. The United States Attorney has asked for expedited disposition of his Motions so that some use can be made of the premises and marina during the current season.

The use permit runs until 1996 but has two provisions for earlier termination. Paragraph 16 provides for termination by the government on thirty days' notice provided such termination is in the "public interest" and reasonable compensation is paid for retention or removal of the leasehold improvements. Clauses 12 and 15 of the permit allow termination for cause with a reasonable period being allowed the licensee for removal of the installations; that if not removed therein they become the property of the United States. The certified letter of December 23, 1980 and prior notice advised the debtor the installations would become property of the United States if not removed by December 23, 1980 (the date of filing of the case under Chapter 11), and that they had become its property because of its defaults and failure to effectuate the demanded removal. It also advised the debtor of its rights to an administrative

appeal which it did not seek other than thru its petition for injunctive relief to the within Court which denied the same and entered an Order for Relief under Chapter 7 from which the debtor did not appeal.

■ It is our conclusion that all rights of the debtor and trustee in the premises and in the debtor's installations of buildings and piers thereon under the use permit terminated because of the debtor's defaults and violations of its provisions and the trustee should liquidate the motor vehicles, boats and other movable assets and distribute the proceeds thereof under further Order of Court; that while equity abhors forfeitures and will refrain from enforcing them when ambiguous or not clearly warranted, it appears that the act of the government in terminating the debtor's permit was clearly warranted and called for because of the debtor's prolonged violations of its express conditions and failures to furnish the required services; that the expenses of the government in repairing and replacing the damaged docks and buildings will exceed their present value and that the debtor ignored the notices it was given to correct its defaults and generously permitting it to remove its structures and other assets. The debtor has now been adjudicated a bankrupt in a Chapter 7 liquidation proceeding and any rights it retained in the assets moveable and immoveable have passed to the trustee of the bankrupt estate.

IT IS ORDERED for the foregoing reasons that the leased premises shall be immediately turned over to the United States Forest Service and that all automatic stays preventing or standing in the way of its taking such possession are hereby vacated and terminated; that the debtor is wholly without claim, right, standing or interest in respect to these matters and that it is hereby enjoined together with its officers from taking any steps to interfere with or obstruct such repossession of said premises; that appropriate sanctions will be taken against said offers if they violate the terms of this Order or fail to appear at any further hearings scheduled by the trustee and furnish information under oath thereat;

and that the trustee shall remove and sell the trucks, boats and other moveable equipment of the debtor and distribute the proceeds of sale under further Order of Court.